No. 25-1187

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

DARREN PATTERSON CHRISTIAN ACADEMY,

*Plaintiff-Appellee,*

v.

LISA ROY, in her official capacity as Executive Director of the Colorado Department of Early Childhood, and DAWN ODEAN, in her official capacity as Director of Colorado's Universal Preschool Program,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Colorado
Case No. 1:23-cv-01557
Honorable Daniel D. Domenico

## RESPONSE TO MOTION FOR ABEYANCE OF APPEAL

David A. Cortman
Ryan J. Tucker
Jeremiah Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
dcortman@ADFlegal.org
rtucker@ADFlegal.org
jgalus@ADFlegal.org

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First St., NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@adflegal.org

Jacob E. Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jreed@ADFlegal.org

*Counsel for Appellee*

# INTRODUCTION

Defendants-Appellants (the State) have moved to hold this appeal in abeyance pending the resolution of *St. Mary Catholic Parish v. Roy*, 24-1267 (10th Cir.). The State asks this Court to delay final resolution of this case because it involves "substantially similar" facts and claims to those raised in *St. Mary*. Appellees' Mot. for Abeyance of Appeal at 3. But that's not what the State told the district court to avoid a common judge assignment in both cases. And holding this case in abeyance would needlessly delay it, to the detriment of Plaintiff-Appellee Darren Patterson Christian Academy (and its families) with no real benefit to anyone else. The Court should deny the motion.

# BACKGROUND

1. Darren Patterson Christian Academy seeks to participate in Colorado's Universal Preschool Program without being excluded or penalized for its religious beliefs and practices. But the State denied Darren Patterson an exemption from certain "nondiscrimination" rules that would force the school to give up (or violate) internal polices related to employment and student conduct.

2. Fortunately, the district court stepped in and issued a preliminary injunction that allowed the school and its families to participate in the Universal Preschool Program without facing the threat of exclusion or punishment. *See* Order Granting Prelim. Inj. &

Denying Mot. to Dismiss, ECF No. 53. The State chose not to appeal that ruling.

3. After discovery, the parties cross-moved for summary judgment. The district court then entered a permanent injunction and final judgment for Darren Patterson, concluding that the State's nondiscrimination rules—and its refusal to grant the school a religious exemption—violated the Free Exercise Clause.

4. The State appealed but then filed a motion for abeyance.

## ARGUMENT

5. The State insists that this Court should hold the case in abeyance because it involves "substantially similar Free Exercise arguments" and "defenses" to those raised in *St. Mary*. Appellees' Mot. for Abeyance of Appeal at 3.

6. But that's not what the State said before. In fact, the State avoided a judge reassignment in *St. Mary* by arguing that the two cases are "distinguishable." Defs.' Resp. to Notice of Related Case at 1, *St. Mary Cath. Parish v. Roy*, 1:23-cv-02079 (D. Colo.), ECF No. 26. It told the district court there that this case involves "different facts" and "different claims," *id.*, and persuaded the court that the cases "are not sufficiently related to warrant special assignment or transfer," Minute Order, ECF No. 28.

7. What's more, the State repeated this argument at every opportunity (until now):

- "The decision in *Darren Patterson* relied on by Plaintiffs is simply not applicable here."[1]

- "The facts and the claims in *Darren Patterson* differ extensively from this case."[2]

- "[T]he *Darren Patterson* case is not analogous to this one. As stated previously, that case has completely different facts."[3]

8. Although the State now says the exact opposite, this Court should not reward such gamesmanship. *See New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (judicial estoppel prevents parties from asserting inconsistent positions at different phases of litigation to gain an advantage).

9. The Court should also deny the motion because the State has failed to explain why abeyance is needed. When applying for a stay of proceedings, "a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (cleaned up). Yet the State's motion does not identify any hardship whatsoever that would result from allowing this

---

[1] Defs.' Resp. to Pls.' Notice of Suppl. Auth. at 1, ECF No. 53.
[2] *Id*.
[3] Defs.' Rule 56(d) Mot. to Deny Pls.' Mot. for Summ. J. at 5, ECF No. 77.

4

appeal to proceed as normal, let alone a "compelling reason" justifying a departure. *Id.*

10. Conversely, Darren Patterson has a strong interest in the timely resolution of this appeal. Although the school has been awarded a permanent injunction, that has been called into question by the State's decision to appeal. That's no small thing. Darren Patterson—and families deciding whether to send their children there—need to know whether they can count on state tuition payments for the entirety of this upcoming school year, and for years to come. The financial uncertainty hinders the school and prevents it from making investments and improvements it would otherwise make. *See* Suppl. Decl. of Joshua Drexler ¶¶ 9, 14 Dist. Ct. ECF No. 78-8 (explaining that the school "plans its yearly budgets in advance of each school year" and that it "would hire additional staff if it knew it could participate in UPK without being asked to compromise its religious beliefs").

11. Finally, this appeal is fully ripe for adjudication and would not be streamlined by any delay. The parties have completed discovery and cross-moved for summary judgment. So regardless of *St. Mary*'s outcome, the parties will still need to fully brief and argue this appeal. And any effect *St. Mary* might have on this case can be easily addressed with supplemental briefing or even a simple letter. Indeed, the Federal Rules of Appellate Procedure contemplate precisely such scenarios. *See* Fed. R. App. P. 28(j) ("If pertinent and significant authorities come to a

party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter.").

Dated: May 19, 2025

Respectfully submitted,

s/*Jeremiah Galus*

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First St., NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@adflegal.org

Jacob Reed
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jreed@ADFlegal.org

David A. Cortman
Ryan J. Tucker
Jeremiah Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
dcortman@ADFlegal.org
rtucker@ADFlegal.org
jgalus@ADFlegal.org

*Counsel for Appellee*

# CERTIFICATE OF COMPLIANCE

This response complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 896 words.

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: May 19, 2025

*s/Jeremiah Galus*
Jeremiah Galus
*Counsel for Appellee*

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Cortex XDR, Agent version 7.8.1, and according to the program are free of viruses.

*s/Jeremiah Galus*
Jeremiah Galus
*Counsel for Appellee*

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

>  *s/Jeremiah Galus*
>  Jeremiah Galus
>  *Counsel for Appellee*